IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 19-16-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| JUDITH JOHANNA COSSETTE, | |
| Defendant. | |

Defendant Cossette moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A). She is currently serving a 37-month sentence for a federal drug offense. *See* Judgment (Doc. 40). Her projected release date is August 18, 2022. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 3, 2021).

On August 23, 2021, the Court appointed counsel to represent Cossette. *See* Order (Doc. 45). Counsel filed a motion, and the United States responded.

**I. Legal Framework**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *see also Bryant v. United States*, No. 20-1732 (U.S. pet. for cert. filed June 10, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id*. § 3553(a)(4), (6)–(7).

To date, the Ninth Circuit has not decided whether a district court may consider other legislative or common-law developments in sentencing law in deciding whether a prisoner has shown an "extraordinary and compelling reason" to reduce his sentence. *See, e.g.*, *United States v. Black*, 999 F.3d 1071, 1075–76 (7th Cir. 2021) (citing cases and holding that district court may consider Congress' amendment of the "stacking" provision of 18 U.S.C. § 924(c)(1)(C) as a reason to reduce sentence).[1]

## II. Discussion

### A. Exhaustion

A defendant may move for a sentence reduction if at least 30 days have passed since she asked the warden to file a motion for her. *See* 18 U.S.C. § 3582(c)(1)(A). The United States "is not suggesting the Court deny Cossette's motion solely based on her failure to exhaust administrative remedies." U.S. Resp. (Doc. 49) at 4. As the exhaustion defense is only equivocally and not "properly raised," *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (per curiam), the Court will not enforce it.

---

[1] The United States Supreme Court will decide whether a district court may or must consider such developments in deciding whether to reduce a sentence under § 404(b) of the First Step Act, which applies to defendants sentenced for offenses involving crack cocaine. *See Concepcion v. United States*, No. 20-1650 (U.S. cert. granted Sept. 30, 2021). The Court's analysis of the question in that case might or might not be relevant to motions filed under § 603(b) of the First Step Act, which authorized prisoners' motions for compassionate release.

B. **Merits**

1. **Reason for Release**

Cossette is 69 years old. Last March, medical staff noted, among other things, bipolar disorder, chronic obstructive pulmonary disease, hypertension, and obesity. *See* Def. Ex. A (Doc. 48) at 1–4. Her age and these conditions place her at greater risk of developing severe illness should she contract COVID-19. "The risk of severe COVID-19 increases as the number of underlying medical conditions increases in a person." Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021, and accessed Nov. 3, 2021). Cossette implies but does not say she has been vaccinated. *See* Mot. for Release (Doc. 47) at 5–7.

Asserting that "[r]eview of [her] PSR and § 3553(f)(1)–(5) shows [she] is safety-valve eligible," Mot. for Release (Doc. 47) at 9, Cossette asks the Court to consider Congress' 2018 amendment of the safety valve provision of 18 U.S.C. § 3553(f) and the Ninth Circuit panel opinion in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021). Cossette had zero criminal history points and, in any case, was sentenced more than a year after the amendment's enactment in 2018. *See* Statement of Reasons (Doc. 41) at 1 § I(A); Presentence Report (Doc. 42) ¶ 58;

4

Minutes (Doc. 39). *Lopez* is irrelevant. Cossette failed to qualify for safety valve relief because she used "credible threats of violence . . . in connection with the offense." 18 U.S.C. § 3553(f)(2); Presentence Report ¶¶ 22, 43. Section 3553(f)(2) has not been amended since Cossette's sentencing.

Cossette's age and medical conditions may constitute an extraordinary and compelling reason for her release. Congress' amendment of the safety valve provision does not.

### 2. Section 3553(a) Factors

Cossette's advisory guideline range at sentencing was 37 to 46 months. *See* Statement of Reasons at 1 § III. She received the low-end sentence of 37 months. *See* Judgment at 2. Calculation of the guideline range rested exclusively on her sale of oxycodone to undercover federal agents. *See* Presentence Report ¶¶ 42–51, 59. Her steady interest in hiring those agents to kill a man who had dated her daughter, *see* Presentence Report ¶¶ 12, 16, 19–22, 24–25, 27, and/or her other threats of violence toward law enforcement officers and neighbors, *id*. ¶ 28, 37, might have supported a higher penalty, *see, e.g.*, *id*. ¶ 142. In fact, the Court found her "a very calculated person willing to manipulate the mental health and the criminal justice systems." Statement of Reasons at 4 § VIII. But, due in part to her "significant physical and mental health concerns," *id.*; Presentence Report ¶¶

83–113, a sentence of 37 months was "sufficient, but not greater than necessary," to achieve the objectives of federal sentencing. *See id.*; 18 U.S.C. § 3553(a).

### 3. Conclusion

If Cossette is not vaccinated she is vulnerable to severe illness if she contracts COVID-19, and she has several medical and mental health concerns. Available vaccines and the measures taken by the Bureau of Prisons are not foolproof but they do offer real protection against the virus. In view of Cossette's offense and her history and characteristics, the minimum sentence the Court reasonably contemplated at the time of sentencing was 37 months. Considering all the relevant circumstances, reducing her sentence would denigrate the seriousness of her crime and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

Accordingly, IT IS ORDERED that Cossette's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 43, 47) is DENIED.

DATED this 4th day of November, 2021.

_____
Donald W. Molloy, District Judge
United States District Court